UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TODD EDWARD EDMONDS                                                PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:06-CV-P301-H

JOHN D. REES, et al.                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant Liza Crall has filed a motion for summary judgment (DN 82). In response, Plaintiff has filed a motion to dismiss his claims against Defendant Crall (DN 88). Finding Defendant Crall's unopposed motion for summary judgment well-taken, and further finding no basis on which to permit Plaintiff to dismiss his claims without prejudice, for the reasons discussed below, this Court will grant Defendant Crall's motion for summary judgment, thereby terminating this case.

**I. Effect of notice of appeal**

First, however, the Court must consider whether Plaintiff's filing of a notice of appeal (DN 86), which he filed after Defendant Crall filed her summary-judgment motion and before he filed his motion to dismiss Defendant Crall, has divested this Court of jurisdiction. It has not. As is more fully discussed in this Court's Memorandum Opinion and Order denying Plaintiff's motion to reconsider entered this date, the order Plaintiff appealed from was not a final judgment. Therefore, the notice of appeal does not divest this Court of jurisdiction. *See* 28 U.S.C. § 1291; *Moody v. Kapica*, 548 F.2d 133 (6th Cir. 1976) (per curiam).

**II. Plaintiff's motion to dismiss**

Second, the Court must consider whether it should grant Plaintiff's request to dismiss the claim against Liza Crall. Plaintiff does not specify whether or not he wishes to withdraw this

claim with or without prejudice. He states that he wishes to withdraw his claims as to Defendant Crall in the interest of not having the final determination of his case extended any further and being able to move forward with his case on appeal, if necessary. However, as discussed more fully below, the Court determines that a dismissal without prejudice would not be appropriate.

Under FED. R. CIV. P. 41(a)(2), where, as here, a defendant already has answered the complaint "an action may be dismissed at Plaintiff's request only by court order, on terms that the court considers proper." The Sixth Circuit has identified four factors to be considered in determining whether a defendant will suffer plain legal prejudice if Plaintiff's complaint is dismissed without prejudice under Rule 41(a)(2): (1) the amount of time, effort, and expense the defendant has incurred in trial preparation; (2) any excessive delay or lack of diligence on Plaintiff's part in prosecuting the action; (3) insufficient explanation of the need to take a voluntarily dismissal without prejudice; and (4) whether the defendant has filed a motion for summary judgment under FED. R. CIV. P. 56. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir.1994).

In the present case, the Court finds that a dismissal without prejudice is inappropriate. First, the defendant has filed a motion for summary judgment. Second, Plaintiff does not appear to oppose a dismissal with prejudice, as he has stated that he wants to speed up the determination of his case and to pursue an appeal, if necessary. The presence of these factors, coupled with Defendant Crall's efforts and expenses incurred thus far and the potential expenses of defending a second action, do not weigh in favor of a dismissal without prejudice. Therefore, the Court will not dismiss Plaintiff's claims against Defendant Crall without prejudice. In light of Defendant Crall's motion for summary judgment, the Court continues by deciding this case on

the merits.

## III. Defendant Crall's summary-judgment motion

### *A. Facts*

Many of the facts surrounding Plaintiff's complaint have been set forth in prior Memorandum Opinions. The genesis of Plaintiff's complaint lies in the fact that when he entered Department of Corrections (DOC) custody he no longer received any antiviral therapy for his Hepatitis C. According to the memorandum in support of her summary-judgment motion, Defendant Crall, an advanced registered nurse practitioner at Roederer Correctional Complex (RCC), conducted an "intake physical" on Plaintiff on October 29, 2004, when he entered RCC after being hospitalized at the University of Louisville hospital for treatment necessitated by swallowing razor blades. She avers that it was part of her job to perform the intake physicals and that for Plaintiff's diabetes, she ordered oral medication, baseline laboratory tests, and "accuchecks" twice daily. She further avers that Plaintiff's psychological status was evaluated first by RCC's psychologist and then DOC's psychologist. She avers that she could not begin Infergen (*i.e.*, antiviral) treatment on Plaintiff without review and approval through the Medical Services Office and Dr. Shedlofsky, the DOC's hepatitis expert. Specifically, she avers that "[i]n her capacity as a clinician with the DOC, I did not have the authority to simply begin treatment for Plaintiff with Infergen or other interferon-based treatment." She was advised to follow the DOC Hepatitis Management Plan, and she obtained the necessary lab work according to the plan, the results of which she forwarded to the Medical Services Office for review by the hepatitis consultant. She did not provide care for Plaintiff for his Hepatitis C after he was transferred from RCC on December 8, 2004. She further avers that she was not involved with

3

any decisions concerning Plaintiff's housing or painting thereof while he was housed at the Kentucky State Reformatory.[1] Also attached to her motion are copies of emails concerning Plaintiff's Hepatitis C and medical records of Plaintiff. The emails show that on October 29, 2004, a query was posed to Dr. Haas about what to do about Plaintiff's Hepatitis C while at RCC and whether he should be sent to the Kentucky State Reformatory. A response later that day indicated that Dr. Haas and Dr. Shedlofsky were aware of Plaintiff's situation but that "the inmate must be evaluated for treatment according to DoC protocol, just as other inmates are. [W]e will make the decision to transfer him based on clinical findings from our MDs."

In response to Defendant Crall's motion for summary judgment, Plaintiff states that he wishes to withdraw his claims as to Defendant Crall in the interest of a speedier termination of his case and being able to move forward on appeal, if necessary (DN 88).

***B. Analysis***

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the

---

[1] Plaintiff also claimed in his complaint that he suffered harm from exposure to paint fumes while housed at the Kentucky State Reformatory.

burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id*. If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal quotation marks omitted, citing FED. R. CIV. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against

that party." *Id.*

A complaint filed under § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation. "Congress did not intend § 1983 to attach where causation is absent." *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, Plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id.* "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

In her affidavit and other attachments to her summary-judgment motion, Defendant Crall has established that she was not responsible for deciding whether Plaintiff met the DOC protocol for antiviral therapy.[2] The record on this issue is undisputed that Defendant Crall only conducted the intake physical examination and did not make the decision that Plaintiff did not qualify for antiviral therapy. As such, Defendant's Crall's actions or inactions are not responsible for Plaintiff's alleged Eighth Amendment violation of being denied antiviral treatment for his Hepatitis C. *See Deaton*, 989 F.2d at 889 (holding that causation is required for § 1983 liability to attach). The Court therefore finds that Defendant Crall is entitled to summary judgment in her favor as she has demonstrated the absence of a genuine issue of material fact and that she is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56 (c), (e)(2); *Celotex*, 477 U.S. at 323.

---

[2] Because the Court finds that Defendant Crall was not responsible for any alleged deliberate indifference to Plaintiff with regard to his Hepatitis C, the Court does not consider her argument that his claims against her are barred by the statute of limitations.

## **ORDER**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion to withdraw his claims against Defendant Crall (DN 88) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Crall's motion for summary judgment (DN 82) is **GRANTED**.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.009